UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

INDYME SOLUTIONS, LLC
8295 Aero Place, Suite 260
San Diego, California 92123,

        Plaintiff,

v.

DARKO INC.
26401 Richmond Road
Bedford Heights, Ohio 44146,

        Defendant.

Case No.

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Indyme Solutions, LLC ("Indyme"), by its undersigned counsel, for its Complaint against Defendant Darko, Inc. ("Darko"), hereby claims and alleges as follows:

**NATURE OF THE ACTION**

1. Indyme brings this action against Darko pursuant to 35 U.S.C. § 101 *et seq*. and 35 U.S.C. § 271, 281, 283, 284 and 285, inclusive, for infringement of one or more claims of U.S. Patent Nos. 11,928,694 (the "'694 Patent) and 12,271,910 (the "'910 Patent").

2. Darko has been made aware of the '694 Patent and '910 Patent at least as early as the filing of this suit and continues to infringe the patents.

**THE PARTIES**

3. Indyme is a California Corporation with its headquarters located at 8295 Aero Place, Suite 260, San Diego, California 92123.

4. Indyme is the owner of U.S. Patent No. 11,928,694 and U.S. Patent No. 12,271,910 (collectively the "Asserted Patents").

1

5. Darko is a corporation organized under the laws of the State of Ohio with a principal place of business located at 26401 Richmond Road, Bedford Heights, Ohio 44146.

6. Darko manufactures, uses, imports sells and/or offers to sell certain loss prevention systems and devices generally referred to as the "ShopperAccess" products. The ShopperAccess products are referred to herein as the "Accused Products." Darko makes, imports, uses, offers to sell and sells the Accused Products throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the laws of the United States set forth at 35 U.S.C. § 271 *et seq*.

8. This Court has subject-matter jurisdiction over this federal-question action pursuant to 35 U.S.C. § 271 and 281 and 28 U.S.C. § 1331 and 1338(a).

9. This Court has personal jurisdiction over Darko because it is located in this district and maintains a regular and established place of business at 26401 Richmond Rd, Bedford Heights, OH 44146, within this judicial district.

10. Venue is proper laid within this judicial district pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b) because Darko maintains a principal place of business in this judicial district and has committed acts of infringement, including making, using, selling, and offering to sell infringing products, within this judicial district.

## U.S. PATENT NO. 11,928,694

11. U.S. Patent 11,928,694 was duly and legally issued by the United States Patent and Trademark Office on March 12, 2024. The '694 Patent claims patent-eligible subject matter and is valid and enforceable.

12. Indyme is the exclusive owner by assignment of all rights, title, and interest in the '694 Patent, including the right to bring this suit for injunctive relief and money damages, and including the right to sue and recover all past, present, and future damages for infringement of the

'694 Patent.

13. Darko is not licensed to use the '694 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights or interests whatever in or to the '694 Patent. A true and correct copy of the '694 Patent is attached hereto as **Exhibit A.**

14. The '694 Patent is presumed valid under 35 U.S.C. § 282. As the patent owner, Indyme has at all times complied with the provisions of 35 U.S.C. § 287 with respect to the '694 Patent.

15. The '694 Patent contains 34 system claims. The claims recite a system for maximizing sales and minimizing theft in a retail environment.

16. Claim 1 of the '694 Patent recites:

> 1. A system for maximizing sales and minimizing theft in a retail environment, the system comprising:
>
> (a) providing a merchandise fixture which restricts access to the merchandise;
>
> (b) receiving personal identifying information of an individual attempting to access the merchandise; and
>
> (c) automatically enabling access to the merchandise, wherein the individual utilizes a mobile device as a user interface for entering information into the system or receiving information from the system.

## U.S. PATENT NO. 12,271,910

17. U.S. Patent 12,271,910 was duly and legally issued by the United States Patent and Trademark Office on April 8, 2025. The '910 Patent claims patent-eligible subject matter and is valid and enforceable.

18. Indyme is the exclusive owner by assignment of all rights, title, and interest in the '910 Patent, including the right to bring this suit for injunctive relief and money damages, and including the right to sue and recover all past, present, and future damages for infringement of the '910 Patent.

19. Darko is not licensed to use the '910 Patent, either expressly or implicitly, nor does

it enjoy or benefit from any rights or interests whatever in or to the '910 Patent. A true and correct copy of the '910 Patent is attached hereto as **Exhibit B.**

20. The '910 Patent is presumed valid under 35 U.S.C. § 282. As the patent owner, Indyme has at all times complied with the provisions of 35 U.S.C. § 287 with respect to the '910 Patent.

21. The '910 Patent contains 40 method claims. The claims recite a self-service method for maximizing sales and minimizing theft in a retail environment.

22. Claim 1 of the '910 Patent recites:

> 1. A self-service method for maximizing sales and minimizing theft in a retail environment, the method comprising:
>
> (a) providing a merchandise display comprising locked merchandise, wherein the merchandise display can allow or restrict access to the locked merchandise;
>
> (b) providing a database of individuals who have opted into the self-service method;
>
> (c) receiving personal identifying information of an individual attempting to access the merchandise which is correlated to their opt-in data;
>
> (d) a means of authenticating an individual has previously opted into the self-service method and is contained in the database;
>
> (e) automatically enabling access to the merchandise to individuals who are authenticated by the self-service method.

## INFRINGEMENT

23. Darko manufactures and sells products it refers to as "ShopperAccess." Darko's ShopperAccess products are shown and described on its website at https://www.darkoinc.com/shopperaccess, at https://vimeo.com/792760696, and at https://vimeo.com/920215800. The ShopperAccess products described in this paragraph are referred to as the Accused Products. On information and belief, each of the Accused Products has similar features and is used in a similar manner in all relevant respects.

4



24. Darko has, under the provisions of 35 U.S.C. § 271(a), directly infringed, and it continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '694 Patent and the '910 Patent by making, using, testing, selling, offering for sale and/or importing the Accused Products in the United States.

25. Darko also indirectly infringes the '694 Patent and '910 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). At least as early as the service of this Complaint, Darko has knowingly, intentionally and actively aided, abetted and induced others to directly infringe at least one claim of the '694 Patent and '910 Patent by providing the accused products which its customers and end-users use to practice the claimed invention. Darko continues to induce infringement of the '694 Patent and '910 Patent.

26. Darko has contributorily infringed and continues to be a contributory infringer

under 35 U.S.C. § 271(c) because, at least as early as the service of this Complaint and with knowledge of the '694 Patent and '910 Patent, it supplied and continues to supply a material part of an infringing method and/or system, in which the material part is not a staple article of commerce and is incapable of substantial non-infringing use. Darko contributes to its customers' infringement because, with knowledge of the '694 Patent and '910 Patent, it supplies the technology that allows its customers to infringe the patents, including the method claims.

27. Indyme has conducted a detailed analysis, establishing and confirming that Darko's Accused Products directly and indirectly infringe claims of the '694 Patent and the '910 Patent.

28. Attached as **Exhibit C** to this Complaint is a claim chart demonstrating the correspondence of the operation of an example Accused Product with elements of an exemplary, non-representative claim of the '694 Patent.

29. Attached as **Exhibit D** to this Complaint is a claim chart demonstrating the correspondence of the operation of an example Accused Product with elements of an exemplary, non-representative claim of the '910 Patent.

30. Darko has infringed, and continues to infringe at least claims 1-5, 7, 8, 16, 17, 19-21, 23, 26, and 38 of the '694 Patent, and at least claims 1-5, 7-9, 11, 17, 18, 20, 24, and 40 of the '910 Patent, under the provisions of 35 U.S.C. § 271(a), (b) and/or (c), by: (i) making, using, distributing, offering to sell, selling and/or importing into the United States the Accused Products that infringe the asserted claims and by performing the claimed methods in the United States; (ii) inducing others to use the Accused Products and/or sell the Accused Products and to perform the claimed methods in the United States; and (iii) contributing to the infringement of others and by selling components of the patented systems.

31. Upon information and belief, Darko has directly infringed one or more of the claims of the '694 Patent and the '910 Patent under the provisions of 35 U.S.C. § 271(a):

(a) except as otherwise provided in this title, whoever without

> authority makes, uses, offers to sell, or sells and patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

By engaging in accused activity including making, using, distributing, offering to sell, selling, importing and/or practicing the methods of the accused products in the United States, Darko has infringed and continues to infringe claims of the '694 Patent and/or the '910 Patent.

32. Upon information and belief, Darko has indirectly infringed one or more of the claims of the '694 Patent and the '910 Patent under the provisions of 35 U.S.C. § 271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

By providing the Accused Products with instructions, which are used and/or combined to create an infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner, Darko has infringed and continues to infringe claims of the '694 Patent and/or the '910 Patent.

33. Upon information and belief, Darko has indirectly infringed one or more of the claims of the '694 Patent and the '910 Patent under the provisions of 35 U.S.C. § 271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

By providing the Accused Products, and other components and supplies, which are combined, such as with other software and/or as an add-on to systems or programs or otherwise combine to form an infringing system and/or are used in practicing the methods which infringe the claims of the '694 Patent and/or the '910 Patent, Darko has contributed to, and continues to contribute to, the infringement of the '694 Patent and/or the '910 Patent.

34. Darko has been willfully infringing the '604 Patent and/or the '910 Patent since at

least as early as they became aware of the '694 Patent and the '910 Patent. Upon information and belief, Darko has no good faith defense to Indyme's infringement allegations and has intentionally continued its knowing and willful infringement.

35. As a direct and proximate result of Darko's infringement of the '694 Patent and the '910 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,928,694

36. The allegations of each of the Paragraphs above are hereby re-alleged and incorporated by reference herein.

37. Darko has infringed, and continues to directly infringe, at least claims 11-5, 7, 8, 16, 17, 19-21, 23, 26, and 38 of the '694 Patent under the provisions of 35 U.S.C. § 271(a) by making, using, offering to sell, selling and importing the Accused Products in the United States.

38. Darko does not have license or authority to use the '694 Patent.

39. As a direct and proximate result of Darko's infringement of the '694 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## COUNT II
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 11,928,694

40. The allegations of each of the Paragraphs above are hereby re-alleged and incorporated by reference herein.

41. Upon information and belief, Darko has indirectly infringed one or more of the claims of the '694 Patent under the provisions of 35 U.S.C. § 271(c) by providing the Accused Products, and components and supplies which are used as components of infringing systems which infringe the claims of the '694 Patent, thus contributing to the infringement of the '694 Patent.

42. Neither Darko nor its customers have license or authority to use the '694 Patent.

43. As a direct and proximate result of Darko's infringement of the '694 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 12,271,910

44. The allegations of each of the Paragraphs above are hereby re-alleged and incorporated by reference herein.

45. Darko has infringed, and continues to directly infringe, at least claims 1-5, 7-9, 11, 17, 18, 20, 24 of the '910 Patent under the provisions of 35 U.S.C. § 271(a) by making, using, offering to sell, selling and importing the Accused Products in the United States.

46. Darko does not have license or authority to use the '910 Patent.

47. As a direct and proximate result of Darko's infringement of the '910 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## COUNT IV
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,037,300

48. The allegations of each of the Paragraphs above are hereby re-alleged and incorporated by reference herein.

49. Upon information and belief, Darko has indirectly infringed one or more of the claims of the '910 Patent under the provisions of 35 U.S.C. § 271(b) by providing the Accused Products with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the Accused Products in an infringing manner.

50. Neither Darko nor its customers have license or authority to use the '910 Patent.

51. As a direct and proximate result of Darko's infringement of the '910 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## COUNT V
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 12,271,910

52. The allegations of each of the Paragraphs above are hereby re-alleged and incorporated by reference herein.

53. Upon information and belief, Darko has indirectly infringed one or more of the claims of the '910 Patent under the provisions of 35 U.S.C. § 271(c) by providing the Accused Products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '910 Patent, thus contributing to the infringement of the '910 Patent.

54. Neither Darko nor its customers have license or authority to use the '910 Patent.

55. As a direct and proximate result of Darko's infringement of the '910 Patent, Indyme has suffered and will continue to suffer damages in an amount as yet undetermined, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Indyme Solutions, LLC, hereby demands judgment in its favor against Defendant, Darko Inc., for the following relief:

A. Judgment declaring that Darko has infringed U.S. Patent No. 11,928,694 and U.S. Patent No. 12,271,910;

B. Judgment declaring that Darko's infringement of the '694 Patent and/or the '910 Patent has been willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

C. Judgment granting preliminary and permanent injunctive relief, pursuant to 35 U.S.C. § 283, enjoining Darko and any others acting in joint concert and participation with Darko who receive actual notice of the Court's Order from further acts of infringement;

D. Judgment awarding compensatory damages as a result of Darko's infringement sufficient to reasonably and entirely compensate Indyme for the infringements of the '694 Patent

and/or the '910 Patent in an amount to be determined at trial, but in no case less than a reasonable royalty;

E. Judgment awarding a compulsory ongoing royalty;

F. Judgment declaring this case to be exceptional and awarding Indyme its expenses, costs and attorneys' fees in accordance with the provisions of 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G. Judgment awarding prejudgment interest pursuant to 35 U.S.C. § 284, and post-judgment interest, pursuant to 28 U.S.C. § 1961, through payment of the Judgment in full;

H. Judgment awarding Indyme enhanced damages under 35 U.S.C. § 284; and

I. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all issues so triable.

Date: October 29, 2025

/s/ *Eric H. Zagrans*
Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
1640 Roundwyck Lane
Columbus, OH 43065-8416
(440) 452-7100 (telephone)
eric@zagrans.com (e-mail)


/s/ *Paul Grandinetti*
Paul Grandinetti (Ohio Bar No. 0008288)
Joseph J. Zito (*pro hac vice* pending)
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
(202) 466-3500 (telephone)
jzito@dnlzito.com (e-mail)

Benjamin C. Deming (*pro hac vice* pending)
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, Oregon 75204
(214) 799-1145 (telephone)
bdeming@dnlzito.com (e-mail)

*Attorneys for Plaintiff, Indyme Solutions, LLC*